IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ABRAHAM NORWOOD, JR.,            :

     Plaintiff,                  :

vs.                             :
                             CIVIL ACTION 06-0056-CG-M
JO ANNE B. BARNHART,            :
Commissioner of
Social Security,                :

     Defendant.                  :


<u>REPORT AND RECOMMENDATION</u>


     In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability benefits and Supplemental Security Income (hereinafter *SSI*).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral argument was heard on September 25, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Abraham Norwood, Jr.

     This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

son v. Perales, 402 U.S. 389, 401 (1971).  The substantial evi-
dence test requires "that the decision under review be supported
by evidence sufficient to justify a reasoning mind in accepting
it; it is more than a scintilla, but less than a preponderance."
Brady v. Heckler, 724 F.2d 914, 918 (11th Cir. 1984), quoting
Jones v. Schweiker, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born August 15, 1964.  At the time of the most
recent administrative hearing, Norwood was forty years old, had
completed a twelfth-grade special education curriculum (Tr. 542),
and had previous work experience as a seaman (Tr. 562-63).  In
claiming benefits, Plaintiff alleges disability due to a back
injury, mental retardation, cervical disc disease, and lumbar
degenerative disc disease (Doc. 9 Fact Sheet).

The Plaintiff filed an application for disability benefits
on June 11, 2001 (Tr. 310-12); an application for SSI was filed
on January 14, 2003 (Tr. 83-86).  Benefits were denied following
a hearing by an Administrative Law Judge (ALJ) who determined
that although Norwood could not perform his past relevant work,
he was capable of performing specific light-exertion jobs (Tr.
24-45).[1]  Plaintiff requested review of the hearing decision (Tr.
20-21) by the Appeals Council, but it was denied (Tr. 14-16).

Plaintiff claims that the opinion of the ALJ is not
supported by substantial evidence.  Specifically, Norwood alleges

---

[1]This was the ALJ's second decision; for a complete procedural
history, see Tr. 27-28.

that he meets the requirements of Social Security Listing 12.05B and/or C (Doc. 9).  Defendant has responded to—and denies—this claim (Doc. 12).

Plaintiff claims that he meets the requirements for Listing 12.05B and or C.  The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2005).  Subsection B requires "[a] valid verbal, performance, or full scale IQ of 59 or less."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05B (2005).  Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2005).  Plaintiff has referenced the examination of Psychologist Damon Ann Robinson as support for his claim (Doc. 9, pp. 6-7).

On April 24, 2003, Robinson examined Norwood and found him alert and fully oriented; his thought processes were "generally well organized and often concrete" though his memory was not very good (Tr. 158; *see generally* Tr. 156-60).  Test results from the WAIS-III resulted in a verbal IQ of 58, a performance IQ of 60,

and a full scale IQ of 55; the Psychologist indicated that it appeared that Norwood had given his best effort and that this was a valid examination.  Robinson indicated that test results were consistent with a diagnosis of mild mental retardation; she indicated that Plaintiff would only be able to perform "simplistic and directed tasks" (Tr. 159).  The Psychologist anticipated no changes in Norwood's intellectual functioning.

The ALJ summarized Robinson's findings (Tr. 34), but rejected her conclusions as inconsistent with the conclusions of Psychologist Patricia A. McCleary (Tr. 37).  McCleary had examined Plaintiff about fifteen months earlier, on December 1, 2001, and also administered the WAIS-III; on the first examination, Norwood scored a verbal IQ of 73, a performance IQ of 74, and a full scale IQ of 71, which placed "him in the borderline range of intellectual functioning" (Tr. 227; *see generally* Tr. 226-28).  McCleary thought these results were a valid assessment of his abilities; she also indicated that he was capable of following both simple and complex instructions.

As noted earlier, the ALJ gave more evidentiary weight to McCleary's conclusions, stating the following:

> There is nothing in the record to suggest that the claimant suffered a head injury or other traumatic event between December 2001, when Dr. McCleary examined him, and April 2003, when he was evaluated by Dr. Robinson, that would account for such a sharp I.Q. decrease.  The claimant was enrolled in special education classes during his school

> years, but there is no credible, objective
> evidence establishing a longitudinal pattern
> of functioning indicative of mental
> retardation, despite Dr. Robinson's
> assertion.

(Tr. 37).  Plaintiff has not provided any evidence to refute the ALJ's statement regarding "a head injury or other traumatic event between" the two examinations.

Norwood has pointed out that he participated in a special education curriculum (*see* Tr. 101-03, 381-382A) and the ruling in *Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001), which held "that there is a presumption that mental retardation is a condition that remains constant throughout life."  The *Hodges* Court further held "that a claimant need not present evidence that []he manifested deficits in adaptive functioning prior to the age of twenty-two, when []he presented evidence of low IQ test results after the age of twenty-two."  *Hodges*, 276 F.3d 1266.

*Hodges*, however, is inapplicable here.  First, there is no evidence of Plaintiff's actual intellectual abilities during the developmental years.  Though there are school records of a special education, Norwood's grades were average; when he graduated, he was ranked 68 in a class of 197 (Tr. 102).  Second, McCleary's examination is the first indication of Plaintiff's IQ in the record; though it demonstrates a borderline range of intellectual functioning, the IQ scores exceed the

Listing requirements.  McCleary's examination results cannot be dismissed.

The Court finds substantial support for the ALJ's conclusion that Plaintiff has not met the requirements of Listing 12.05B and/or C.  Dr. McCleary's IQ examination results provide a huge obstacle to Norwood's claim of disability on the basis of mental retardation.

Plaintiff has raised a single claim in bringing this action. This claim is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Abraham Norwood, Jr.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 26th day of September, 2006.


                                   s/BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE