IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| ABRAHAM NORWOOD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 06-056-CG-M |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. | |

**ORDER**

This matter is before the court on the Report and Recommendation of the Magistrate Judge (Doc. 15), and plaintiff's objection thereto (Doc.16). Plaintiff objects to the Magistrate's finding that there is substantial evidentiary support for the ALJ's conclusion that plaintiff has not met the requirements of Listing 12.05B and/or C. Specifically, plaintiff objects to the Magistrate Judge's rulings that (1) the case of Hodges v. Barnhart, 276 F.3d 1265 (11th Cir. 2001), is inapplicable to this case; (2) there is no evidence of plaintiff's intellectual abilities during his developmental years; and (3) McCleary's examination is the first indication of plaintiff's IQ in the record. The court finds that there is substantial evidence supporting the ALJ's findings and that the ALJ did not commit reversible error. Therefore, the court will **ADOPT** the Magistrate Judge's recommendation that the decision of the Commissioner of Social Security should be **AFFIRMED**.

Plaintiff asserts that Hodges does not require evidence of plaintiff's actual intellectual abilities during the developmental years. However, Hodges does requires evidence of mental deficiency at some point, whether during the developmental years or more recent years. The

1

Hodges court simply found a presumption that a plaintiff's intellectual condition would remain constant throughout life, and thus, that evidence of low IQ test results in the early years is not necessary if there is evidence of low IQ test results in latter years. Hodges, 276 F.3d at 1266.

Plaintiff objects to the Magistrate Judge's findings regarding the evidence of plaintiff's intellectual abilities. However, as stated by the Magistrate Judge, "[t]his Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services." (Doc. 15, p. 1 citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)). Although reasonable minds may differ, a question of fact is subject only to limited review to ensure that it is supported by substantial evidence. Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir.1985), vacated for rehearing en banc, 774 F.2d 428 (1985), reinstated sub nom Hand v. Bowen, 793 F.2d 275 (11th Cir. 1986). Substantial evidence requires only "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, 703 F.2d at 1239. The ALJ has wide latitude as finder of fact to evaluate the weight of the evidence. Owens v. Heckler, 748 F.2d 1511, 1514 (11th Cir.1984).

In this case, although one psychologist, Damon Ann Robinson, reported that plaintiff had a verbal IQ of 58 and a performance IQ of 60, with a full scale IQ of 55, these results were contrary to the results of plaintiff's examination 15 months earlier by psychologist Patricia A. McCleary. McCleary had administered the same examination and found a verbal IQ of 73, a performance IQ of 74 and a full scale IQ of 71. The ALJ gave more evidentiary weight to McCleary's conclusions, finding "no credible, objective evidence establishing a longitudinal pattern of functioning indicative of mental retardation, despite Dr. Robinson's assertion" and despite the fact that plaintiff "was enrolled in special education classes during his school years."

(Tr. 37).  The court finds that McCleary's examination results provide substantial evidence to support the ALJ's decision.  The fact that plaintiff attended special education classes provides little evidence of plaintiff's actual IQ at the time.   The court finds that a reasonable mind might accept McCleary's results as adequate support that plaintiff's IQ is above 70.  As such, plaintiff does not meet the requirements for Listing 12.05B which requires "[a] valid verbal, performance, or full scale IQ of 59 or less, " or 12.05C which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional significant work-related limitation of function."

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated September 26, 2006 is **ADOPTED** as the opinion of this court.

**DONE and ORDERED** this 27th  day of December, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE